IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:13-CR-350 - 02 |
| | ) | |
| CURTIS MARTINO, | ) | Honorable Leonie M. Brinkema |
| a/k/a  "Curtis Dodd" | ) | |
| "Red Rum" | ) | |
| | ) | |
| Defendant. | ) | Sentencing: March 21, 2014 |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States submits this memorandum setting forth its position on the proper calculation of the guidelines in this case and the appropriate sentence to be imposed in this matter pursuant to the factors set forth in Title 18, United States Code, Section 3553(a).  See Presentence Investigation Report (hereinafter "PSIR") (Doc. 425) (January 9, 2014).[1]  The Probation Officer determined that the defendant's guideline range for the conviction on Counts 1 is 262 to 327 months, coinciding with an adjusted guidelines range of 34 at criminal history VI. However, given the likelihood of the United States Sentencing Commission enacting an across the board two level reduction for the offense level in the Drug Table, coupled with Attorney General Holder's stated agreement with this policy, the undersigned agree that the Guidelines should be calculated at level 32 at criminal history category VI.[2]  The resulting penalty range is 210 to 262 months in prison.  Further, the defendant is subject to a mandatory minimum

---

[1] The government is satisfied that the defendant has accepted responsibility.  Accordingly, the United States moves the Court to adjust the defendant's offense level downward by three levels pursuant to U.S.S.G. § 3E1.1(b) for timely notifying the government of his intention to plead guilty.  Further, the government is mindful of the fact that the defendant has so far complied with the cooperation terms of his plea agreement, as evidenced by his trial testimony in the matter of *United States v. Thaddaeus Snow, William Sykes and Jameel Aleem*.

[2] In exchange for the government early concession on this issue, the defendant agrees to waive any future motion under 18 U.S.C. § 3582(c).

consecutive 120 month sentence for his conviction on Count 13. Id.  The United States respectfully argues that a prison sentence of 330 months is appropriately supported by the factors set forth in 18 U.S.C. § 3553(a).

## I.   BACKGROUND

On September 26, 2013, the Grand Jury sitting in this district returned a superseding indictment charging the defendant along with numerous other associates and leaders of local "sets" of the Bloods criminal street gang.  The defendant was charged in **Count 1** (conspiracy to commit RICO), **Count 5** (conspiracy to engage in drug trafficking, **Count 12** (violence in aid of racketeering – June 9, 2013, Prince George's Co., Md.), and **Count 13** (discharge of a firearm during and in relation to Count 12).

The defendant pled guilty to Counts 1 and 13.  Counts 5 and 12 were dismissed upon the acceptance of his guilty plea to Counts 1 and 13.  As summarized in the joint Statement of Facts submitted at the Rule 11 hearing in this case on November 20, 2013, the defendant admitted his association with the Bloods as a "High Stain" of a line-up in this region that operated within the Eastern District of Virginia.  A High Stain is the most significant leadership position in local gang line-ups. The High Stain maintains operational control over the subordinates in the gang. The position also carries with it the most respect among the subordinate members of the gang. The High Stains report directly to the national leadership.

On June 9, 2013, the defendant and other Bloods members made their way into a home in Prince George's Co., Md. with the intention of robbing a marijuana dealer.  The robbery went awry and another Bloods member with the defendant shot and severely wounded the marijuana dealer.

The defendant was also aware that many members of his line-up distributed illegal narcotics. The defendant also availed himself of other criminal opportunities that were presented through the gang affiliation, including the receipt and distribution of counterfeit money.

## II. RESTITUTION

A *Declaration of Victim Losses* has been completed by the victim of the June 9, 2013, shooting event. *See* Dkt. No. 548-1. The government requests an order of restitution entered against the defendant, jointly and severally with Kaleef Tweedy and Devante Jordan, in the amount of $1,127.16 to cover the shooting victim's declared medical expenses.

## III. SUMMARY OF SENTENCING FACTORS UNDER 18 U.S.C. § 3553

In addition to considering the properly calculated guideline range, this Court must also consider other factors identified in 18 U.S.C. §3553(a). Based on a fair evaluation of the 3553(a) factors, a period of incarceration of 330 months is warranted because of (1) the defendant's leadership role within a notorious street gang, (2) the violent nature of the June 9, 2013 robbery, an event that the defendant had authority to stop, and (3) the defendant's long history of criminal conduct.

The defendant's leadership position within the gang, coupled with a wide variety of crimes, warrants a substantial sentence of 330 months incarceration. The aggravating factor for the defendant concerning the June 9, 2013, robbery resulting in a serious shooting of their target is that the defendant had the authority to stop the event. This gang operates under a respect for authority for the line-ups hierarchy. While subordinate members often commit crimes are within the gang without express approval, a subordinate member will not commit a crime if the leader (High Stain) states disapproval. The fact remains that the defendant controlled the event for the June 9, 2013, robbery. If he said it was a bad idea and that it should stop, the event would not

have gone forward. The defendant failed to stop it, and in fact, played a significant role in the commission of the crime.

The defendant also has a criminal history that began when he was 13 years of age. The defendant has committed all manner of crimes, including: vehicle tampering; contempt; assault and battery; possession of stolen goods; burglary; obstruction of justice; and, grand larceny. While the defendant was committing these crimes, he joined a notorious street gang and rose through the ranks of that gang to achieve a significant leadership position.

For these reasons, including the properly calculated guidelines range, a 330 month sentence is sufficient but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a).

## IV. CONCLUSION

The United States respectfully requests that this Court find that the Probation Officer has properly calculated the guidelines in this case for Count 1, resulting in a guidelines range of 210 to 262 months after the government agrees to another 2 level reduction related to drug weight. The defendant is also subject to a consecutive 120 month sentence for his conviction on Count 13.

                                          Respectfully submitted,

                                          Dana J. Boente
                                          Acting United States Attorney

By:       /s/_____
          Adam B. Schwartz
          Dennis M. Fitzpatrick
          Assistant United States Attorneys
          U.S. Attorney's Office
          2100 Jamieson Avenue
          Alexandria, VA 22314
          Ph: (703) 299-3700
          Fax: (703) 299-3981

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2014, I filed the foregoing pleading with the Clerk of the Court, who will then send a notification of such filing (NEF) to the following:

Joseph J. McCarthy
Counsel for Curtis Martino

                                                        /s/
                                      Dennis M. Fitzpatrick
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      2100 Jamieson Avenue
                                      Alexandria, Virginia 22314